IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WEBB,

    Petitioner,                   No. CIV S-07-1879 FCD DAD P

   vs.

D.K. SISTO, Warden,              <u>ORDER AND</u>

    Respondent.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 11, 2007, the undersigned ordered respondent to file and serve a response to the petition. On January 7, 2008, respondent moved to dismiss the petition. Petitioner has filed an opposition to respondent's motion to dismiss and respondent has filed a reply. Petitioner has also filed an unauthorized response to respondent's reply. E.D. Cal. Local Rule 78-230(m).

**BACKGROUND**

        In 1991, petitioner was convicted in the Los Angeles County Superior Court of first degree murder, two counts of robbery, one count of attempted robbery and three counts of assault with a deadly weapon. (Pet. Attach.; Resp't's Mot. to Dismiss, Ex. 1.) Petitioner was sentenced to twenty-five years to life state in prison. (Pet. Attach.; Resp't's Mot. to Dismiss, Ex.

1

1.) On July 7, 2005, petitioner appeared before the Board of Parole Hearings ("Board") for his initial parole consideration hearing. (Resp't's Mot. to Dismiss, Ex. 2.) During the hearing, the presiding commissioner informed petitioner that under the sentence imposed in his case, he was serving a life term – specifically, twenty-five years to life. (Id.)

On or about August 28, 2006, petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court arguing that his sentence for first-degree murder does not make him a "lifer." (Resp't's Mot. to Dismiss, Ex. 3.) The Superior Court denied the petition, informing petitioner that he was sentenced to twenty-five years to life, which is an "indeterminate" and "life" sentence. (Id.) Petitioner subsequently filed a petition for writ of habeas corpus in the California Court of Appeal for the Second Appellate District making the same argument. (Id., Ex. 4.) On November 1, 2006, the Court of Appeal denied the petition, explaining that "the only prison sentences that may be imposed for first-degree murder . . . are 25-years-to-life with possibility of parole and 25-years-to-life without possibility of parole." (Id.) The California Court of Appeal further explained "[s]uch sentences are not determinate sentences 'for which a single term of imprisonment in state prison is specified.'" (Id.) Finally, on November 18, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Id., Exs. 5 & 6.) On May 9, 2007, the California Supreme Court summarily denied the petition. (Id.)

On September 11, 2007, petitioner filed his federal petition for writ of habeas corpus in this court. Therein, he argues that his "Equal Protection and Due Process Rights are being violated by being force[d] to appear before an Illegal Tribunal (s) contrary to the statutory provision of law. . . ." (Pet. at 5.) Petitioner contends that he is not a "life prisoner" and does not have to appear before the Board for a release date.

### RESPONDENT'S MOTION TO DISMISS

Respondent has filed a motion to dismiss, arguing that petitioner's habeas petition is facially meritless and presents issues involving challenges to the interpretation of state law,

which are not cognizable in federal habeas proceedings. (Resp't's Mot. to Dismiss at 3-4.) In the alternative, respondent argues that petitioner's habeas petition is untimely. (Id. at 4-5.)

First, respondent argues that a state prisoner is only entitled to federal habeas relief if he is in custody in violation of the United States Constitution or federal law. (Resp't's Mot. to Dismiss at 3-4.) In this regard, respondent argues that questions involving purely state law are not cognizable in federal habeas proceedings. (Id. at 4.) Petitioner claims that he is not serving an indeterminate life sentence under California state law. (Id.) Respondent argues that petitioner's claim is facially meritless because Los Angeles County Superior Court records reflect that he was sentenced to, and is serving, twenty-five years to life in state prison. (Id.) Moreover, respondent argues that any dispute over whether petitioner's sentence is an indeterminate term is a question of state law not properly the subject of review in a federal habeas proceeding. (Id.)

In the alternative, respondent argues that petitioner's federal petition is untimely. (Resp't's Mot. to Dismiss at 4.) Respondent explains that when a petitioner challenges a parole decision, the limitations period begins to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Respondent argues that petitioner does not challenge the outcome of his July 7, 2005 hearing but, rather, claims that he is not subject to the Board's authority. Respondent contends that petitioner should have discovered the factual predicate of any such claim by July 7, 2005, when the presiding commissioner explained parole procedures to him. (Id.)

Respondent acknowledges that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. (Resp't's Mot. to Dismiss at 4.) However, respondent argues that petitioner's first state habeas petition was not filed until August 28, 2006, after 417 days had run on the one-year limitations period. Accordingly, respondent concludes that petitioner's federal petition is time barred. (Id.)

**PETITIONER'S OPPOSITION**

In opposition, petitioner argues that his petition raises questions of fact and law that deserve an answer from respondent and a judgment on the merits. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-2.) Petitioner reiterates that the evidence demonstrates that his rights under the Equal Protection Clause and Due Process Clause are being violated. (Id. at 3.) Petitioner argues that forcing him to appear before the Board is the employment of the wrong procedure and produces the wrong result in his case. (Id.)

**RESPONDENT'S REPLY**

In reply, respondent argues that petitioner has failed to demonstrate that his petition states any cognizable federal habeas claims or that the petition is timely. (Resp't's Reply at 1.) Accordingly, respondent concludes that the petition must be dismissed.

**ANALYSIS**

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

In this case, petitioner was convicted of first degree murder, two counts of robbery, one count of attempted robbery and three counts of assault with a deadly weapon. On July 7, 2005, petitioner appeared before the Board of Parole Hearings for his initial parole consideration hearing. Petitioner does not challenge the outcome of that hearing. Rather, he challenges the Board's characterization of his sentence as well as the Board's authority to determine his release date. In this regard, petitioner claims that he is not a life prisoner and does

not have to appear before the Board for a release date. Petitioner raised these same arguments before the Los Angeles County Superior Court, the California Court of Appeal and the California Supreme Court. As the California Court of Appeal explained, under § 190(a) of the California Penal Code, "[e]very person guilty of murder in the first degree shall be punished by death, imprisonment in the state prison for life without the possibility of parole, or imprisonment in the state prison for a term of 25 years to life." See Cal. Penal Code § 190(a). Under California law, petitioner's sentence is an indeterminate sentence and no single term of imprisonment is specified. See Cal. Penal Code § 1168(b); People v. Felix, 995 P.2d 186, 191 (Cal. 2000) ("a straight life sentence, as well as a sentence of some number of years to life, is *not* a determinate sentence within the meaning of the DSA [Determinate Sentencing Act]").[1]

In any event, petitioner's challenge to the interpretation and application of §§ 190 and 1168 to his sentence is governed by state law and does not raise a federal constitutional question. Miller v. Vasquez, 868 F.2d 1116, 1118-1119 (9th Cir. 1989) (refusing to consider alleged errors in application of state sentencing law in habeas proceeding); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Accordingly, petitioner's federal petition fails to state a cognizable claim and should be dismissed.[2]

/////

---

[1] Petitioner's arguments, both in his petition and in his opposition to the pending motion, are difficult to decipher. His claims appear to be based on the notion, cobbled together from various sources, that because of the passage of a state proposition in 1988 he is entitled to a fixed release date and the Board has no authority to set a parole date in his case. The California courts' rejection of this argument on state law grounds was well-grounded. Moreover, "[t]he constitutionality, under the United States Constitution, of indeterminate sentence laws like California's and of delegation of the power to fix and refix terms and grant and revoke parole, such as that to the California Adult Authority, is too well established to require further discussion." Bennett v. California, 406 F.2d 36, 38 (9th Cir.1969) (citing Dreyer v. Illinois, 187 U.S. 71 (1902)).

[2] The court need not address respondent's argument regarding the timeliness of the federal petition given the court's recommendation that the petition be dismissed for failure to state a cognizable claim.

**OTHER MATTERS**

Petitioner has filed a motion to "recuse" Deputy Attorney General Daniel due to a potential conflict of interest. Petitioner has not identified any legitimate conflict of interest relating to Ms. Daniel's representation of respondent. Nor has petitioner provided any other valid reason for this court to disqualify Ms. Daniel. Accordingly, petitioner's motion will be denied.

**CONCLUSION**

IT IS HEREBY ORDERED that petitioner's May 23, 2008 motion to recuse Deputy Attorney General Daniel is denied.

IT IS IT IS HEREBY RECOMMENDED that:

1. Respondent's January 7, 2008 motion to dismiss be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
webb1879.157